# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOSBER EMIRO BARBOZA-RUBIANO | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-2816-S-BK |
| | § | |
| ROBERT CERNA, et al. | § | |

## ORDER

Before the Court is Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion") [ECF No. 5]. The Court has reviewed the Motion, Petitioner's Memorandum of Law in Support of the Motion [ECF No. 6], the Government's Response to the Motion ("Response") [ECF No. 10], Petitioner's Reply in Support of the Motion [ECF No. 12], and the applicable law. For the following reasons, the Court **DENIES** the Motion.

A temporary restraining order preserves the status quo at the time the lawsuit was filed and prevents irreparable harm to the movant so that a court can "render a meaningful decision after a trial on the merits." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). A party seeking injunctive relief must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Direct Biologics, L.L.C. v. McQueen*, 63 F.4th 1015, 1020 (5th Cir. 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief,' which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644-45 (N.D. Tex. 2021) (citation omitted). And a "preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion

on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (citation omitted).

Based on the pleadings before the Court, the Court finds that Petitioner has failed to "clearly carr[y] the burden of persuasion" on at least two of the elements he must establish for injunctive relief. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citation omitted). With respect to the first element, Petitioner has not shown more than a mere possibility of success on the merits of his claims. It is questionable whether the Court even has jurisdiction over his claims. Moreover, the United States Supreme Court recently permitted the U.S. Department of Homeland Security to resume third-country removals as it considers the underlying policy and whether lower courts have jurisdiction to rule on the issue. *See Dep't of Homeland Sec. v. D.V.D.*, --- S. Ct. ---, 2026 WL 2917860, at *1 (Sept. 29, 2026) (staying lower court order granting nationwide relief under the Administrative Procedure Act, granting petition for a writ of certiorari, and ordering briefing on the jurisdictional, due process, and other claims).

As to the second element, Plaintiff has not demonstrated "that irreparable injury is *likely* in the absence of an injunction." *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023) (citation omitted). Petitioner is legally detained, as an alien with a final order of removal, and he has not been in § 1231 detention for more than six months. *See Ladak v. Noem*, 814 F. Supp. 3d 712, 728-29 (N.D. Tex. 2025) (collecting cases and rejecting the notion that nonconsecutive detention time can be added together). Petitioner's unlawful detention claim is thus premature. Moreover, as Respondents note, Resp. 2 n.4, Petitioner has not specified that he intends to seek relief, nor has he requested relief, in immigration court against a third-country removal.

Accordingly, the Court **DENIES** Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [ECF No. 5].

Petitioner's habeas petition remains pending and referred to the Magistrate Judge.

**SO ORDERED.**

SIGNED October 8, 2026.

**UNITED STATES DISTRICT JUDGE**